IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID STEVENS,                 :      CIVIL ACTION

          Plaintiff,             :      NO. 11-7216

      v.                    :

TELFORD BOROUGH, *et al.*,     :

          Defendants.       :

## MEMORANDUM ORDER

Plaintiff David Stevens ("Plaintiff") brings three claims against Telford Borough ("Telford") Chief of Police Randall Floyd ("Floyd") individually, Borough Manager Mark Fournier ("Fournier") individually, and Telford, (together, "Defendants") arising from Plaintiff's termination from the Telford Police Department. Count I alleges violations of the Plaintiff's Fifth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; Count II alleges violations of the Plaintiff's Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; and Count III alleges, in effect, a *Monell* liability claim against Telford based upon the actions of Floyd and Fournier. Defendants have filed a Rule 12(b)(6) Motion seeking partial dismissal of Plaintiff's Amended Complaint. More specifically, Defendants ask the Court to dismiss all of Plaintiff's claims except those related to a purported violation of procedural due process rights under the Fourteenth Amendment. For the following reasons, Defendants' Motion will be granted.

## I.      Facts

For the purposes of the instant Motion, I take all facts alleged in the Complaint as true.  The alleged facts here are plain and simple.  Plaintiff was employed by Telford as a part-time police officer from June 2008 until November 7, 2010.  Am. Compl. ¶ 8.  On November 5, 2010, Floyd visited Plaintiff, who had been on leave for several weeks, at his home.  Id. at ¶¶ 9-10.  Plaintiff answered the door dressed in his pajamas and barefoot.  Id. at ¶ 12.  Floyd asked Plaintiff to take a blood/drug test.  Id.  Floyd also placed his hand on Plaintiff's arm and gestured towards his vehicle.  Id.  Plaintiff had previously submitted to a drug test.  Id. at ¶¶ 12-13.  Plaintiff refused to go with Floyd, and Plaintiff complained that he was being treated like a criminal.  Id.  In response, Floyd instructed Plaintiff to turn in his badge and gun, and said the two of them would talk later.  Id. at ¶ 13.  After consulting Fournier, Floyd terminated Plaintiff's employment on November 7, 2010.  Id. at ¶¶ 14-15.  After Plaintiff received this news, he offered to come to the police station and take a blood test, but Floyd stood by his termination decision.  Id. at ¶ 15.

## II.     Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted).  After the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

## III.    Discussion

### A.    Count One

In Count One, Plaintiff contends that Defendants violated his Fifth and Fourteenth Amendment substantive due process rights, in violation of 42 U.S.C. § 1983 and 53 Pa. Stat. § 46190, which enumerates six instances in which a policeman can be "suspended, removed, or reduced in rank."[1] The Third Circuit has held that, "to state a substantive due process claim, 'a plaintiff must have been deprived of a particular quality of property interest.'" Nicholas v. Pa. State Univ., 227 F.3d 133, 140 (3d Cir. 2000) (quoting DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 598 (3d Cir.1995)). In Nicholas, the Court of Appeals acknowledged that a substantive due process analysis can be challenging, but it stated that "a careful review of the case law does reveal one guiding principle: whether a certain property interest embodies this 'particular quality' is not determined by reference to state law, but rather depends on whether that interest is 'fundamental' under the United States Constitution." Id. See also Regents of Univ. of

---

[1] Plaintiff also asserts a Fourteenth Amendment Equal Protection violation, but the allegations were conclusory and insufficient. Perhaps for this reason, Plaintiff does not attempt to defend his Equal Protection claim in his Response to the Defendants' Motion.

Michigan v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring); Indep. Enters. Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1179 n. 12 (3d Cir. 1997); Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir. 1995); McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc); Sutton v. Cleveland Bd. of Educ., 958 F.2d 1339, 1351 (6th Cir. 1992).  As such, the Plaintiff cannot rely on 53 Pa. Stat. § 46190 as a basis for this substantive due process claim.

Furthermore, the Third Circuit, following the lead of several other Courts of Appeals, also held in Nicholas that public employment is not a fundamental property interest that is entitled to substantive due process protection. Nicholas, 227 F.3d at 142; see also Singleton v. Cecil, 176 F.3d 419, 425–26 (8th Cir. 1999) (en banc) ("A public employee's interest in continued employment with a governmental employer is not so 'fundamental' as to be protected by substantive due process."); McKinney, 20 F.3d at 1560 (holding "employment rights are not 'fundamental' rights created by the Constitution"); Sutton, 958 F.2d at 1350 ("Plaintiffs' state-created right to tenured employment lacks substantive due process protection."); Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1142 n. 10 (4th Cir. 1990) (holding that a college professor's property interest was "essentially a state law contract right, not a fundamental interest embodied in the Constitution"); Local 342, Long Island Public Serv. Employees v. Town Bd. of Huntington, 31 F.3d 1191, 1196 (2d Cir. 1994) ("We do not think, however, that simple, state-law contractual rights, without more, are worthy of substantive due process protection."); Kauth v. Hartford Ins. Co. of Ill., 852 F.2d 951, 958 (7th Cir. 1988) ( "In cases where the plaintiff complains that he has been unreasonably deprived of a state-created property interest ... the plaintiff has not stated a substantive due process claim.").

Plaintiff's substantive due process claim is based upon Defendants' actions in conjunction with the loss of Plaintiff's job.  Under controlling precedent, Plaintiff's public employment is not the type of property interest that substantive due process protects.  Accordingly, the claim fails as a matter of law.[2]

**B.    Count Two**

The Fourth Amendment ensures that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated..." U.S. Const. amend. IV; see Brower v. Cnty. of Inyo, 489 U.S. 593, 599 (1989) (emphasizing that seizure alone is not enough; the seizure must be "unreasonable").  The Supreme Court has clarified that a "[v]iolation of the Fourth Amendment requires an intentional acquisition of physical control." Id. at 596.

Here, Plaintiff alleges that when Floyd briefly grabbed his arm and gestured towards his police cruiser, Floyd "seized" Plaintiff in violation of the Fourth Amendment.  However, the Third Circuit has held that "the solitary act of momentarily grabbing [a plaintiff's] elbow was *not* a seizure for Fourth Amendment purposes." Smith v. Dep't of Gen. Servcs. of Pa., 181 F. App'x 327, 330 (3d Cir. 2006) (emphasis added).  In Smith, the plaintiff was leaning against a wall waiting to talk to staff members, when one of his superiors approached him,

---

[2] Even if a substantive due process right were implicated here, the Supreme Court held in County of Sacramento v. Lewis, 523 U.S. 833 (1998), that substantive due process rights afforded by the Fourteenth Amendment protect against conduct that shocks the conscience. Id. at 845-47.  The Court further opined that its "cases dealing with abusive executive action have repeatedly emphasized that only the most egregious conduct can be said to be 'arbitrary in the constitutional sense.'" Id. at 846 (citation omitted).  Here, Floyd arrived at Plaintiff's door, asked him to submit a drug test, momentarily grabbed his arm and gestured towards a squad car, and then departed.  This pales in comparison to the type of "egregious conduct" suggested by the Supreme Court.

grabbed him by the arm, and told him that he had been waiting long enough. Id. at 329. The Third Circuit noted that the plaintiff was neither detained nor arrested and emphasized that "'[n]ot every push or shove, even it if may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." Id. at 330 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)); see also Gottlieb v. Laurel Highlands Sch. Dist., 272 F.3d 168, 172 (3d Cir. 2001) (holding that a school administrator pushing a student backwards into a door jam was not the "type of detention or physical restraint that we require to effectuate a seizure" under the Fourth Amendment). Thus, the alleged momentary "grab" in this case is fundamentally insufficient to support Plaintiff's claim.

Defendants acknowledge that a forced drug test – if conducted – might implicate the Fourth Amendment, but rely on the fact that here Plaintiff did not consent to the drug test, so one did not occur. It is a plaintiff who must prove that an unreasonable search or seizure has occurred. Verdier v. Borough, 796 F. Supp. 2d 606, 619 (E.D. Pa. 2011) (citing Brower, 489 U.S. at 599). Here, the Plaintiff admits that he refused to take the blood/drug test. Am. Compl. ¶ 13. Thus, there is no predicate for a "search" or "seizure" analysis relative to a drug test.[3] Because neither the "grab" of Plaintiff nor the refused drug test trigger a constitutional analysis, Plaintiff's Fourth Amendment claim is insufficient as a matter of law.

## C.    Count Three

In Monell v. Department of Social Services of City of New York, the Supreme Court held that § 1983 imposes liability on a municipality when the government, "under color of some official policy, 'causes' an employee to violate another's constitutional rights." 436 U.S.

---

[3] Pennsylvania v. Ciccola, 894 A.2d 744, 747 (Pa. Super. Ct. 2006), is unpersuasive.

658, 692 (1978). The Court added the caveat that "a municipality cannot be held liable under §

1983 on a *respondeat superior* theory ... [as the] language [of § 1983] cannot be easily read to

impose liability vicariously on governing bodies solely on the basis of the existence of an

employer-employee relationship with a tortfeasor." Id. at 691-92.

In Atkins v. Board of School Commissioners of the City of Indianapolis, a school

bus driver brought a § 1983 claim after he was fired for refusing to take a drug test. 830 F. Supp.

1169 (S.D. In. 1993). The court granted summary judgment for the defendant – holding that

refusing to take a drug test was not protected expression, and that such an isolated incident was

itself not enough to implicate the municipality via a Monell claim. Id. at 1182. In that same

vein, the U.S. Supreme Court has held that:

> "Proof of a single incident of unconstitutional activity is not
> sufficient to impose liability under Monell, unless proof of
> the incident includes proof that it was caused by an
> existing, unconstitutional municipal policy, which policy
> can be attributed to a municipal policymaker. Otherwise
> the existence of the unconstitutional policy, and its origin,
> must be separately proved. But where the policy relied
> upon is not itself unconstitutional, considerably more proof
> than the single incident will be necessary in every case to
> establish both the requisite fault on the part of the
> municipality, and the causal connection between the
> 'policy' and the constitutional deprivation."

City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985).

Here, Plaintiff argues that Telford's drug-testing policy (or lack thereof) caused a

violation of his constitutional rights. Plaintiff alleges that Telford has a written drug policy, and

that he submitted a drug test to Telford just weeks before the incident. Am. Compl. ¶ 12.

However, Plaintiff also alleges that Telford "did not have in place a policy for random drug

testing of its officers," and that Floyd explained that the incident at issue was not part of Telford's random drug testing program.  Id.

It is unclear from the Amended Complaint what Telford's drug testing policy is alleged to be, whether Telford's regulations allegedly provide for random drug testing, or whether Telford's policy (or lack thereof) purportedly caused the Plaintiff's injuries. Accordingly, this claim is insufficient and will be dismissed without prejudice.

**D.    Retaliation Claim**

In his Response to the Motion, Plaintiff states: "[t]he pleading in this case also establishes a retaliation claim under the Fourth Amendment, and although it is not pled in a separate count, the plaintiff has established those elements."  Response at 6.  This is far from clear.  Moreover, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  Pa. ex rel. Zimmerman v. Pepsi Co., 836 F.2d 173, 181 (3d Cir. 1988).  Amendment would be futile because Plaintiff cannot establish that he submitted to a drug test.

*    *    *

AND NOW, this 12th day of October, 2012, it is hereby ORDERED that Defendant's Motion to Dismiss in Part (Docket No. 8) is GRANTED. All claims are dismissed with prejudice except Count Three, which is dismissed without prejudice and with leave to replead. The procedural due process claim in Count One shall proceed. Plaintiff shall file a Second Amended Complaint within ten days. Defendants shall answer within the time allowed by the Federal Rules of Civil Procedure.

BY THE COURT:

C. DARNELL JONES, II,   U.S.D.J.